UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6-29-12
```

------------------------------------X
                             :

MARIA VICTORIA GALINDO,         :
              Plaintiff, :
                             :     09-Civ-6990 (KBF)
       -v-               :
                             :     MEMORANDUM AND
VANITY FAIR CLEANERS, et al.,  :     ORDER
Defendants.                 :
------------------------------------:
                             :

DAVID IBARRA, et al.,          :
             Plaintiffs,:
                             :     10-Civ-5109 (KBF)
       -v-               :
                             :     MEMORANDUM AND
HSCS CORPORATION d/b/a VANITY FAIR :     ORDER
CLEANERS, et al.,            :
             Defendants.:
------------------------------------X

KATHERINE B. FORREST, District Judge:

     On August 6, 2009, plaintiff Maria Victoria Galindo

initiated this action against her former employers, HSCS

Corporation d/b/a Vanity Fair Cleaners, Ismil Lin and John Does

1-10.  Service on those defendants was effected by stipulation

on December 3, 2010.  On July 2, 2010, plaintiffs David Ibarra,

Alexander Lopez[1] and Hugo Talel initiated an action against the

same group of defendants, who were also their former employers.

Service on those defendants was effected - also by stipulation -

on January 11, 2011.  Both actions raise similar wage and hour

claims under the Fair Labor Standards Act ("FLSA") and New York

---

[1] Lopez is no longer prosecuting this action.

Labor Law ("NYLL") and have been consolidated for trial.  A jury trial is scheduled to commence on July 9, 2012.

Currently before the Court are motions in limine by both plaintiffs and defendants.  The Court's rulings are explained below but are summarized as follows:

1.  Defendants' MIL No. 1: motion to preclude Ibarra from testifying and to preclude his claims.  That motion is DENIED.

2.  Defendants' MIL No. 2: motion to preclude evidence relating to matters with respect to which the attorney-client privilege was asserted.  That motion is DENIED (subject to the caveat noted below).

3.  Defendants' MIL No.3:  motion to preclude evidence regarding certain claims as time-barreed.  That motion is DENIED.

4.  Defendants' MIL no. 4: motion to preclude claims and evidence as to willfulness.  That motion is DENIED.

5.  Defendants' MIL No. 5: motion to preclude evidence regarding methods of recordkeeping.  That motion is DENIED.

6. Plaintiffs' MIL No.1: motion to preclude evidence regarding plaintiffs' immigration statuses.  That motion is GRANTED.

7.  Plaintiffs' MIL No. 2:  motion to preclude evidence of whether or not plaintiffs paid taxes on their wages.  That motion is GRANTED.

Legal Standard

"The purpose of an in limine motion is to aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks omitted). "Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." United States v. Paredes, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001).

Defendants' MIL No. 1:

Defendants have moved to prevent plaintiff Ibarra from testifying at trial. Defendants argue that at his deposition, plaintiff Ibarra was unable to recall the precise dates of his employment and therefore cannot prove his own loss. As plaintiffs point out, defendants' motion is based on only a portion of Ibarra's deposition testimony. When his deposition testimony is reviewed in its totality on this issue, it is clear that he recalls both periods when he worked for defendants: 2002-2004 and 2007-September 2009. That is sufficient recollection of his employment to allow him to present his case to the jury.

3

In addition, as plaintiffs also note, defendants themselves have certain records of the hours Ibarra worked – presumably those will reflect his periods of employment as well.

Accordingly, defendants' motion to preclude testimony from plaintiff Ibarra and to strike his claims is denied.[2]

Defendants' MIL No. 2

Defendants have also moved to preclude evidence (it is unclear precisely what) relating to matters with respect to which the attorney-client privilege was asserted.  It is certainly the case that if there are areas into which plaintiffs prevented inquiry at a deposition on the basis that they were protected from disclosure by the attorney-client privilege, plaintiffs may not at trial attempt to present evidence on those precise areas (e.g. the content of communications with lawyers). If, however, plaintiffs simply asserted the attorney-client privilege with respect to true attorney-client communications, then presumably they would not affirmatively seek to waive that privilege at trial.

Defendants' MIL No. 3

Defendants assert that service of process was not effected in a timely manner and therefore seek to "suppress[] certain claims . . . as time-barred." (Defs.' Mem. at 11.) This is a

---

[2] Of course, this motion to strike is not even a proper motion in limine; the court does not address that issue because of its ruling on the evidence.

confusing motion.  It appears that defendants are asserting that
because proper service of each of the original complaints was
effected more than 120 days after filing, the amended complaints
upon which the trial will be based contain claims that do not
relate back to the original filings.  Thus, according to
defendants, portions of plaintiffs' claims are time-barred under
the applicable statutes of limitations.  This motion is really
akin to a dispositive motion and should have been made at the
summary judgment stage.  Nevertheless, it is the case, as an
evidentiary matter, that the only evidence which should be
presented to the jury is that applicable to claims accruing
within the statutes of limitation.

Plaintiffs have brought claims under both the NYLL and the
FLSA.  The NYLL captures actionable conduct within six-years of
a complaint's filing, N.Y. Lab. L. § 663(3), while the FLSA
reaches back two or three years, depending on willfulness, 29
U.S.C. § 255(a).  The Galindo complaint was originally filed
against Vanity Fair and Sam Lin, Ismil Lin's son, in August
2009, and an executed summons was returned in September 2009.
In August 2010, defendant Vanity Fair Cleaners ("Vanity Fair")
moved to dismiss for, inter alia, lack of personal jurisdiction.
A declaration of Ismil Lin was submitted with that motion,
indicating that she and the business received notice of the suit
in July 2010.  Service on the current defendants was effected by

consent in December 2010, and a complaint with an amended caption naming those defendants was also filed that month.

The Ibarra complaint was first filed in July 2010, also against Vanity Fair and Sam Lin. Vanity Fair moved to dismiss in December 2010 (in November 2010, the Court directed plaintiffs to effect service by December – plaintiffs attempted to do so but Vanity Fair in its motion argued that such service was improper). Like in Galindo, service on the current defendants was effected by consent in January 2011, and a complaint with an amended caption was filed in February 2011.

Although filing, not serving, a complaint commences an action, Fed R. Civ. P. 3, service is required to put litigants on notice of pending claims against them.[3] Here, there is no doubt that defendants were on notice of the Galindo claims by at least July 2010, and Vanity Fair was on notice of the Ibarra claims by at least December 2010 – it is also highly likely that defendant Ismil Lin, as an owner of Vanity Fair, had notice by that time. It is unclear as a factual matter, however, whether defendants (in the Ibarra matter particularly) had even earlier notice of the claims. If defendants did have such notice, they may have suffered no prejudice from the delay in service, and the statutes of limitations may be equitably tolled. The Court

---

[3] Accordingly, a complaint becomes ineffective for purposes of tolling the statute of limitations if service is not effected within 120 days. See, e.g., Ocasio v. Fashion Instit. of Tech., 86 F. Supp. 2d 371, 376 (S.D.N.Y. 2000).

does not have a sufficient factual record from which to make such a determination at this time.  Thus, the Court will ask the parties to proffer the relevant facts before trial commences on July 9, 2012.

In all events, however, defendants' motion with respect to plaintiff Galindo would not preclude any evidence from reaching the jury since her employment commenced within the six-year window afforded by the NYLL.  Similarly, even without an additional factual proffer, Ibarra and his co-plaintiff Talel would be able to present evidence in support of their NYLL claims dating back at least to February 2005.  Based on the fact that defendants had notice of FLSA and NYLL claims that are identical to those of Ibarra and Talel (e.g. those of Galindo) in July 2010, however, it is hard to see how the statutes of limitation would not be equitably tolled to, at least, that earlier date (in turn, capturing actionable conduct back to July 2004 for Ibarra and Talel).

Defendants' MIL No. 4

Defendants assert that since there is "no evidence of willfulness, the court should preclude such claims."  (Defs.' Mem. at 14.)  This is not a motion in limine – it is in the nature of a summary motion and cannot properly be brought at this time.  If, after the close of the plaintiffs' case, defendants want to move for a directed verdict on willfulness,

they can make such a motion.  However, this Court will allow the plaintiffs to proceed with their willfulness allegations to trial.

Defendants' MIL No. 5

Defendants seek to preclude testimony that plaintiffs did not use "time cards" to keep track of their hours.  This motion is also denied.  There are many ways to keep track of an employee's time – time cards are but one.  Plaintiffs may testify on direct that they did not "punch a clock" or use time cards, and defendants may cross-examine them about their knowledge of other forms of recordkeeping or elicit such information directly from defendants themselves, if such exists.

As defendants note, the FLSA places the burden of recordkeeping on the employer but does not require a specific method of doing so.  See 29 U.S.C. 211(c).

Plaintiffs' MIL No. 1

Plaintiffs have moved to ensure that defendants cannot introduce evidence regarding their immigration status at trial.  The law is unequivocal that it is improper for defendants in an FLSA case to seek directly or indirectly to introduce evidence of plaintiffs' immigration status.  Thus, defendants will be precluded from any form of direct or cross-examination, or attempt to introduce any documentary materials, that would in any way reveal such status.  Defendants have not opposed this

8

motion, and the Court therefore assumes that they fully understand the law in this area.

The law is clear that "any individual" is entitled to pursue an action under the Fair Labor Standards Act (the "FLSA").  29 U.S.C. § 203(e)(1); Corona, et al. v. Adriatic Italian Rest. & Pizzeria, 08 Civ. 5399, 2010 U.S. Dist. LEXIS 15788, at *2 (S.D.N.Y. Feb. 23, 2010).  There are a number of cases that have found that evidence of immigration status has no bearing on matters of consequence to be determined under the FLSA, and to be both undiscoverable and inappropriate topics for trial.  See, e.g., Corona, 2010 U.S. Dist. LEXIS 15788, at *2; Liu v. Donna Karan Int'l, Inc., 207 F. Supp. 2d 191, 192-93 (S.D.N.Y. 2002).

Similarly, evidence of immigration status is irrelevant and therefore inadmissible regarding any issue with respect to the NYLL claims.  In addition, even if evidence of immigration status were relevant to some element of such claims, Rule 403 of the Federal Rules of Evidence is itself sufficient to preclude the admission of that evidence.  Evidence regarding immigration status could unduly prejudice plaintiffs' cases.  It would also be difficult for a jury to hear evidence of immigration status and to take it into consideration for the state law claims while excluding it from consideration for the FLSA claims — such evidence has great potential to cause juror confusion.

The Court's concerns regarding the relevance and prejudice of evidence related to plaintiffs' immigration status pertain equally to its use as support for any claim or defense and its use to cross-examine the credibility or character of plaintiff. "[W]hatever value the information might hold as to impeachment is outweighed by the chilling and prejudicial effect of disclosure." Barrera v. Boughton, 07 Civ. 1436, 2010 U.S. Dist. LEXIS 26081, at *17 (D. Conn. Mar. 19, 2010).

Plaintiffs' motion to exclude argument or evidence related to their immigration status is therefore granted.

Plaintiffs' MIL No. 2

Plaintiffs urge this Court to preclude evidence of plaintiffs' payment or non-payment of taxes on the basis that it is irrelevant to any issue of liability under Rule 401. This Court agrees. This Court also views any attempt to elicit evidence regarding payment or non-payment of taxes as simply another way to introduce plaintiffs' immigration status – which, as discussed above, is plainly not allowed. Therefore, such evidence, both direct and indirect, is excluded.

Defendants assert that if they had withheld taxes on plaintiffs' compensation, they would not be in violation of the FLSA or NYLL. (Defs.' Opp. at 2.) Thus, according to defendants, evidence of tax payment or non-payment is directly relevant to liability. That argument makes no sense.

Calculation of minimum wage violations is based on gross wages paid.  Based on Evidence Rules 401 and 403, this Court will not allow testimony that defendants would have paid a minimum wage rate if only taxes were withheld.

Conclusion

The Court has resolved the parties' motions in limine as set forth above.  The Clerk of the Court is directed to close the motions at Docket Numbers 46 and 47 in Galindo, 09 Civ. 6990, and 59 and 60 in Ibarra, 10 Civ. 5109.

Dated:    New York, New York
          June 2⁷, 2012

                        _____
                             KATHERINE B. FORREST
                        United States District Judge

11